UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| IDEXX DISTRIBUTION INC., | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 2:19-cv-00412-LEW |
| DANIEL A. LAURIDIA DVM PC, | ) | |
| Defendant | ) | |

## **ORDER ON MOTION FOR DEFAULT JUDGMENT**

The Clerk entered Defendant's default on the docket, on November 15, 2019. Plaintiff's application for entry of default judgment is now pending. Plaintiff's Motion for Entry of Default and Default Judgment (ECF No. 7).

Plaintiff IDEXX Distribution and Defendant Daniel Lauridia DVM PC, a New York veterinary practice, contracted with Plaintiff to provide laboratory support services in Maine. According to the complaint, the parties entered into a Reference Laboratory Services Agreement in which Defendant agreed to use Plaintiff's services, exclusively, for a period of six years. Before the expiration of the Agreement, Defendant ceased using Plaintiff's services altogether and thus failed to fulfill the Agreement's durational and service-volume specifications.

In support of its application for entry of default judgment, Plaintiff filed the Declaration of Jamison Pelletier, Director of Finance for Plaintiff's affiliate, IDEXX Laboratories, Inc. Mr. Pelletier also appeared at the default judgment hearing to provide

testimony. Based on Mr. Pelletier's assertions, Plaintiff states that Defendant's breach of the Agreement has resulted in lost profits for Plaintiff, in the amount of at least $128,982.00.

When a party fails to cure its default in advance of a duly-noticed default judgment hearing, the party in default effectively concedes the truth of the factual allegations in the complaint. *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002). However, the party in default does not concede that the factual allegations suffice to establish liability. 10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013). The Court must, therefore, be persuaded that the facts set forth in the complaint support the entry of judgment on one or more cognizable claims.

Assuming the basis for liability is established, any request for monetary relief through a default judgment must be supported by proof. Fed. R. Civ. P. 55(b)(2); *KPS & Assocs. Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003). An exception applies when the complaint describes a "sum certain," such as for damages "susceptible of mathematical computation." *KPS*, 318 F.3d at 19. But unless the amount of damages is readily ascertainable from the face of the complaint, *In re Home Rests, Inc.* 285 F.3d 111, 114 (1st Cir. 2002), the plaintiff bears the burden of proof and must introduce evidence to establish the amount of damages with reasonable certainty. *Seifts v. Consumer Health Sols. LLC*, 61 F. Supp. 3d 306, 316 (S.D.N.Y. 2014).

Plaintiff has established Defendant's breach of the IDEXX Reference Laboratory Services Agreement, leaving solely the question of remedy. Plaintiff's presentation on damages is based on lost sales for the remaining period of a set-term, volume-based service

2

contract in which Defendant agreed to purchase laboratory services in the amount of at least $76,276 annually. Plaintiff's request for damages is based on its loss of sales for a portion of 2018, all of 2019, and all of 2020, discounted by over 30% to account for the costs associated with the provision of services.

In effect, Plaintiff's theory of recovery is that it is a lost-volume seller. Commentary in sections 347 (cmt. f) and 350 (cmt. d) of the Restatement of Contracts (Second) supports the theory, though not every jurisdiction embraces the lost-volume recovery rule and those that do require particularized showings. *Kllm Transp. Servs.*, *LLC v. JBS Carriers*, *Inc.*, No. 3:12-CV-116, 2015 WL 11005024, at *10 (S.D. Miss. Aug. 17, 2015) (collecting cases); *Rezro*, *Inc. v. Maximo Lanfranco*, No. 107-EDA-2015, 2016 WL 597205, at *1 (Pa. Super. Ct. Feb. 12, 2016) (declining to adopt the loss volume seller rule).

The Services Agreement calls for application of Maine law. Based on my research, the Maine Supreme Judicial Court (the "Law Court") has discussed the lost volume seller scenario only once before, in *Schiavi Mobile Homes*, *Inc. v. Gironda*, 463 A.2d 722 (Me. 1983). The *Schiavi* Court managed to "leave for another day the question of the validity of lost-volume recovery." *Id.* at 726. Consequently, I must predict whether the Law Court would recognize the right to a lost-volume recovery for breach of a service contract. This exercise involves consideration of the sorts of sources the Law Court would consider: persuasive decisions from other courts, treatises, and any possible public policy ramifications to adopted of new law. *In re Montreal*, *Maine & Atl. Ry.*, *Ltd.*, 888 F.3d 1, 7 (1st Cir. 2018). I conclude the Law Court likely would adopt the rule of recovery given its recognition in the Restatement and persuasive precedent existing in multiple jurisdictions.

3

I further conclude that the facts set forth in the complaint, the terms of the Services Agreement, and the assertions made by Mr. Pelletier demonstrate a scenario in which a lost-volume recovery is appropriate and an appropriate measure of Plaintiff's loss.

Accordingly, I GRANT the Plaintiff's Motion for Default Judgment (ECF No. 7) and award Plaintiff damages in the amount of $128,982.00.

**SO ORDERED.**

Dated this 17th day of January, 2020.

/S/ Lance E. Walker
**LANCE E. WALKER**
**UNITED STATES DISTRICT JUDGE**